## Murphy v. Commonwealth.

(Decided June 24, 1927.)

### Appeal from Garrard Circuit Court.

Homicide.—Where person who killed another would have been
entitled to self-defense instruction, defendant who was accused
of aiding and abetting was entitled to instruction authorizing
acquittal, if principal acted in self-defense.

L. L. WALKER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant was indicted jointly with Lilburn East for
the murder of Virgil Pendleton. It is charged in the in-

dictment that East shot and killed Pendleton, and that appellant was present aiding and abetting. Appellant was found guilty of manslaughter, and his punishment fixed at eight years in the penitentiary.

He is complaining about an instruction which the court failed to give. Under the facts, East, the principal, would have been entitled to a self-defense instruction. Appellant contends that, if East was entitled to a self-defense instruction, he was entitled to an instruction which would allow the jury to acquit him, if East acted in self-defense. The court did not give such an instruction. Appellant relies on the case of Tucker v. Commonwealth, 145 Ky. 84, 140 S. W. 73, as supporting his contention. We so understand that case to hold and such is the general rule governing the matter. If East committed no offense in killing Pendleton, appellant committed no offense as an aider and abettor of East. The Attorney General cites the case of Watkins v. Commonwealth, 123 Ky. 817, 97 S. W. 740, 29 Ky. Law Rep. 1273, as authority in support of the failure of the court to give such an instruction in a case where the facts were similar. This case does not support the contention of the learned Attorney General. The court there said:

"If appellant and his associates were at the time properly acting in their self-defense, what would have excused one would have excused all of them."

Judgment reversed, and cause remanded for proceedings consistent with this opinion.